# Exhibit A

Filing # 121792697 E-Filed 02/22/2021 10:13:45 AM

IN THE CIRCUIT COURT IN AND FOR MIAMI DADE COUNTY, FLORIDA

CARLOS GONZALEZ, an individual,

Plaintiff,                                    Case no: 2021-004033-CA-01

Vs.                                           FBN: 0780715

STERLING JEWELERS, INC.

    A Florida Corporation,

    Defendant.

_____/

# SUMMONS

THE STATE OF FLORIDA:

TO ALL AND SINGULAR SHERIFFS OF SAID STATE: GREETINGS:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint and interrogatories, request to produce, demand letter of February 19, 2021 and Notice of Intent to Serve Subpoena on Twitter in the above-styled cause upon the Defendant:

**Sterling Jewelers, Inc.**
**Registered Agent, CT Corporation System**
**1200 S. Pine Island Road**
**Plantation FL, 33324**

Each Defendant is required to serve written defenses to the complaint or petition on

    Joseph S. Shook, Esq., Attorney for Plaintiff
    75 Valencia Ave.,
    #4th Floor
    Coral Gables FL, 33134
    (305) 446-4177

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said defenses with the clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the complaint or petition.

WITNESS my hand and seal of said Court on _____2/23/2021_____, 2021.

    Clerk, County and Circuit Court
    By _____
    As Deputy Clerk    (Court Seal)

# IN THE CIRCUIT COURT IN AND FOR MIAMI DADE COUNTY, FLORIDA

CARLOS GONZALEZ, an individual,

Plaintiff,            Case no: 2021-

Vs.            FBN: 0780715

STERLING JEWELERS, INC.

    A Florida Corporation,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Carlos Gonzalez, an individual, and hereby sues Sterling Jewelers, Inc. doing business as "Kay Jewelers", a Florida Corporation:

### *Jurisdiction and Venue*

1. This is an action for an amount greater than $30,000.00, exclusive of interest, costs and attorneys' fees.

2. Plaintiff, Carlos Gonzalez, ("Mr. Gonzalez") was for all material times relevant herein a resident of Miami Dade County, Florida.

3. Defendant, Sterling Jewelers, Inc., doing business as Kay Jewelers ("Kay Jewelers"), was for all relevant times herein a Florida Corporation, doing business in Miami Dade County Florida.

4. All the acts complained of herein occurred within Miami Dade County, Florida.

5. Defendant had ten (10) or more employees during all relevant times alleged herein.

### *Overview*

6. Mr. Gonzalez sues Kay Jewelers based upon the fact that as a direct result of Mr. Gonzalez reporting that his supervisor was taking money from Kay Jewelers and clients by trickery (Misrepresenting charges on invoices) Mr. Gonzalez was terminated. Within

2

two weeks after Mr. Gonzalez's first complaint, on September 3, 2020 to the TIPS line as to this theft, it was made clear through an "intimate" of Ms. Fonseca that Mr. Gonzalez would be punished for his complaint: "You're going down" this intimate wrote. The intent behind the termination of Mr. Gonzalez is exposed to be in accord with this threat. It was an act intended to punish Mr. Gonzalez for his complaint. The alleged justification for termination, that Mr. Gonzalez was not forthcoming with information as to an alleged irregularity in another store (he has never been to this store in 12 years and had no authority over this store) is proven to be a pretext. Mr. Gonzalez had no information as to this alleged theft in this other store. Hence, he could not have failed to disclose this information. This pretextual reason for Mr. Gonzalez's termination was decided upon only after Kay Jewelers/Ms. Fonseca could not produce evidence from Mr. Gonzalez's associates at work that he ever acted in a manner which would have justified termination. Kay Jewelers attempted to invent facts as to behavior of Mr. Gonzalez which never occurred. Ms. Fonseca, in trying to procure lies against Mr. Gonzalez, suggested to co-employees of Mr. Gonzalez that it was okay to say Mr. Gonzalez acted inappropriately after they had denied he acted improperly. Ms. Fonseca tried to get employees to attest that Mr. Gonzalez treated employees badly, screamed at them, disrespected them, sexually harassed them, used the hateful word "nigger", was antagonistic to customers, and engaged in other behavior not complementary to Mr. Gonzalez.

### *Facts*

7. Mr. Gonzalez began his employment with Kay Jewelers on or about July 1, 2007 and eventually was promoted to store manager. As of February 2019 through the end of his employment he worked at Dolphin Mall Kay Jewelers.

8. After meeting with a customer of Kay Jewelers on or about August 27, 2020 Mr. Gonzalez discovered invoices which showed that his regional manager, Ms. Fonseca, was committing acts of dishonesty in sales' transactions which amounted to criminal and civil theft of money from the Kay Jewelers and from customers. He also discovered it was likely employees who had not complained against Ms. Fonseca may also be committing such theft.

9. On September 3, 2020 Mr. Gonzalez called the TIPS line and complained that Ms. Fonseca was selling repairs without the customers knowledge (and without the customer actually getting the service of a repair) in order to reach her standards, get a bonus and get a promotion. Mr. Gonzalez also complained that Ms. Fonseca was violating wage and overtime laws by forcing employees to take customer calls on their days' off. (And not being paid for this time of the employee which was being used by the company). Mr. Gonzalez also complained of other acts of harassment and unkind behavior of Ms. Fonseca.

10. Then about four (4) days after what was supposed to be Mr. Gonzalez's anonymous complaint Mr. Gonzalez received a call from human resources representative, Ms. Paula Spalla, who tried to minimize Ms. Fonseca's behavior. Ms. Spalla questioned Mr. Gonzalez's credibility by saying these actions being alleged by Mr. Gonzalez against Ms. Fonseca did not appear to be something Mr. Fonseca would do. Ms. Spalla referred to Ms. Fonseca as a "good professional" even after Mr. Gonzalez explained he had the invoices which showed fraudulent charges to customers. (Which produced extra commission for Ms. Fonseca and defrauded the company and the customer). Mr. Gonzalez repeated his complaints to Mr. Spalla as to Ms. Fonseca's theft. When Mr. Gonzalez questioned Ms. Spalla as to how it was she received information about what was supposed to be an

    anonymous complaint Ms. Spalla responded she did not need to keep the complaint confidential. Mr. Gonzalez demanded an investigation into his allegations.

11. Ms. Spalla shared this information with Ms. Fonseca. On or about September 7, 2020 Ms. Fonseca told Mr. Gonzalez and a group of others, "it does not matter what you do or what you say, nothing will happen to me." Ms. Fonseca's confidence in this conclusion of course lead Mr. Gonzalez to understand she was being protected by those with greater authority within the company who oversees Kay Jewelers. That company is Signet Jewelers. This caused Mr. Gonzalez to have concern that he would be threatened from taking actions against these crimes.

12. Between September 7, and September 18, 2021 Ms. Fonseca shared Mr. Gonzalez's complaint with an "intimate" of hers who threatened Mr. Gonzalez by saying: "you're going down…. Are you mad because you didn't get Miami?" (Apparently referring to a perceived opportunity Mr. Gonzalez missed at Kay Jewelers).

13. On or about September 26-28, 2020, while Mr. Gonzalez was out of work with a broken clavicle, Ms. Fonseca attempted to fabricate evidence against Mr. Gonzalez by suggesting in questions to employees that it was okay to admit behavior of Mr. Gonzalez which never occurred. (Such as sexual harassment, racial bigotry, and inappropriate behavior toward staff or customers).

14. Then, on September 30, 2020 Ms. Fonseca called Mr. Gonzalez back to work in the middle of healing from his broken clavicle so she could put in high gear her attempt to ruin Mr. Gonzalez. She scheduled a Zoom meeting with Vice President of Kay Jewelers, Mr. Eric Helpler. In this meeting Ms. Fonseca attempted to belittle Mr. Gonzalez's performance and leadership capabilities notwithstanding his last review gave him stelar performance in this

5

category. Mr. Gonzalez repeated his complaints as to Ms. Fonseca committing fraud against Kay Jewelers and the customers to Mr. Helpler and asked for an investigation.

15. Mr. Gonzalez was a top manager in the area with a bonus every year.

16. While Mr. Gonzalez was out for surgery on his clavicle from October 7-13, 2020 Ms. Fonseca tried to fabricate reasons to terminate Mr. Gonzalez by making the same suggestions to employees as per paragraph 13. The H.R. Department tried this dishonest defamation tactic again on or about November 5, 2020 after Mr. Gonzalez was terminated. (Likely seeing the alleged facts to base their termination upon did not exist).

17. Being that her attempts to fabricate evidence against Mr. Gonzalez did not work, Ms. Fonseca fabricated a flimsy plan (flimsy relative to logic) for the termination of Mr. Gonzalez. Historical facts prove the story invented cannot be true. Mr. Gonzalez was terminated for not being forthcoming with information allegedly relevant to an investigation at a store Mr. Gonzalez had no responsibility for overseeing. The facts prove he could have not been "forthcoming", for he had no knowledge of the facts relating to the incident of August 22, 2020 at the store he did not manage, nor have authority or responsibility to manage. Mr. Gonzalez never had knowledge as to any details of any occurrence at the store. He had never worked with the employee allegedly involved, nor had he been to that store in twelve (12) years. Notwithstanding these facts, three (3) months after the alleged incident which Mr. Gonzalez never knew of or had any reason to believe occurred, Ms. Fonseca stated Mr. Gonzalez was being terminated for not disclosing information to the investigation team which he did not possess.  It is not possible for Mr. Gonzalez to have been terminated for not disclosing information he had not knowledge of. Mr. Gonzalez was not a relevant subject of deficient performance relating to this

investigation (logically being he had no knowledge of events at this store) until months later when Ms. Fonseca had no further options to carry out her objective: punish Mr. Gonzalez for his report of her theft.

18. The supervisory authorities at Kay Jewelers and/or Signet Jewelers ignored the allegations of theft and participated in punishing Mr. Gonzalez for behavior which could not have, in any manner, been against the interests of Kay Jewelers and/or Signet Jewelers. Kay Jewelers and/or Signet Jewelers deliberately ignored the theft against their interests and the customers' interests in favor of supporting a fictional account of deficiencies of Mr. Gonzalez. Mr. Gonzalez's valiant efforts to protect Kay Jewelers, Signet Jewelers and the customers was devalued and even punished by personnel who are entrusted to protect the interests of these companies.[1]

19. Mr. Gonzalez was terminated on November 2, 2020, just a few weeks after his initial complaint and without warning, opportunity to cure, or counseling. These protocols for this type of alleged behavior are normally implemented, but were not in this case because Ms. Fonseca desired retaliation against Mr. Gonzalez more than keeping a stelar employee.

20. All justifications for termination are proven to be a pretext for the real reason for termination: retaliation for the complaints of Mr. Gonzalez. This pretext of Ms. Fonseca is shown by the fact that three (3) days after the termination Kay Jewelers, through the H.R.

---

[1] Signet is implicated due to the fact that its personnel, who participated in approving this termination based upon misrepresentations made against Mr. Gonzalez, were aware of Ms. Fonseca's behavior, ignored it and then sanctioned her lies against Mr. Gonzalez by approving a termination without factual basis. (Terminating a person for not being forthcoming about information they were aware he did not possess).

Dept., attempted to have employees invent/"find" facts which did not exist to try to offer an alternative lie to cover the vindictive behavior.

21. At all times relevant hereto all those involved in the investigation into the reasons for terminating Mr. Gonzalez, and all those involved in the decision to terminate Mr. Gonzalez, had supervisory authority over Mr. Gonzalez.

## COUNT I
## FLORIDA STATUTE S 448.102: RETALIATION:

COMES NOW, Plaintiff, Carlos Gonzalez, pursuant to Florida Statute Section 448.101 and 102 et. seq, sues Defendant, Sterling Jewelers, for retaliation, realleges as if set forth herein paragraphs 1-21 and states:

22. Plaintiff, Mr. Gonzalez, witnessed violations of law, rule, or regulation relating to fraudulent actions of Defendant, Sterling Jewelers. Then, on or about September 3, 7, and 30th and November 2, 2020, Mr. Gonzalez complained and/or voiced disapproval as to these violations of law, rule or regulation.

   a. These actions complained of are considered actions of Criminal theft and Civil theft in that: Sterling's agents with managerial authority were knowingly making misrepresentations to clients on invoices which resulted in financial loss to the clients. This trickery is considered theft from the client pursuant to Section 812.014, Fla. Stat. And, it is also considered theft to the client pursuant to Section, 772.11. Fla. Stat. These actions are also considered theft to Kay Jewelers due to the fact that Ms. Fonseca was misrepresenting to Kay Jewelers the repairs, from which she earned a commission. (These repairs were never accomplished).

   b. Also, Mr. Gonzalez's complaints on September 3, 2020 as to having employees work without their hourly wage being paid (or accounted for), is a voicing of

  disapproval as to violations of the minimum wage and overtime wage provisions of 29 USC Sections 206-207.

23. When Mr. Gonzalez made the objections and/or complaints he had a good faith belief at the time that Defendant, Kay Jewelers, was acting in violation of law, rule or regulation. At the time of the complaints and objections Kay Jewelers was actually acting in violation of law, rule or regulation as specified above.

24. As a direct and proximate result of these complaints, petitions and objections by Plaintiff, Mr. Gonzalez, to Defendant, Kay Jewelers, Mr. Gonzalez was adversely affected by Kay Jewelers by being terminated from employment and otherwise.

25. At the time of termination of Plaintiff, Mr. Gonzalez, and at the time of the adverse effect visited upon him by Defendant, Kay Jewelers, Defendant was aware of Mr. Gonzalez's objections to participating in violations of law, rule or regulation and complaints and voicings of disapproval made against them as to the violations of Federal and State Law aforementioned.

26. The Plaintiff, Mr. Gonzalez's, discharge from his employment by Defendant, Kay Jewelers, and/or the adverse employment action taken by Kay Jewelers against Mr. Gonzalez, were causally related to the complaints and petitions Mr. Gonzalez made to Kay Jewelers concerning the aforereferenced violations and/or potential violations of laws, rules or regulations.

27. . When Defendant, Kay Jewelers', agent engaged in the aforesaid actions of terminating Plaintiff, Mr. Gonzalez, and/or adversely affecting his employment, he/she was acting

9

within the scope of his/her authority as Supervisor of Plaintiff, which was a supervisory position at Defendant and hence, he/she acted in a supervisory capacity for Defendant.

28. As a direct and proximate result of the actions of the Defendant, Kay Jewelers, Plaintiff, Mr. Gonzalez, has suffered damages, including, but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of dignity, loss of enjoyment of life and lost wages.

29. Any alleged legitimate, non-discriminatory reason for discharge and/or adverse treatment are a mere pretexts for the actual reason for termination: retaliation for Plaintiff complaining about Defendant, Kay Jewelers', violations of these aforementioned laws, rules and/or regulations.

## PRAYER FOR RELIEF

Plaintiff, Carlos Gonzalez, hereby demands that the Defendant reinstate Plaintiff to the position he had with the same salary level which Plaintiff would have had absent Defendant's discriminatory treatment or, alternatively award front pay for the years he would have worked absent the defendant's discriminatory treatment and award back pay and loss of employment benefits to the Plaintiff for the time he would have worked and/or enjoyed benefits absent the Defendants' discriminatory treatment.  Additionally, Plaintiff hereby demands that the Defendants pay compensatory damages for Plaintiff's, physical and emotional pain and suffering, restrain such unlawful actions, including the adverse employment affects and declare them unlawful, and all reasonable attorney's fees incurred in connection with this action and grant such additional or alternative relief as may appear to the Court to be just and equitable.

## Jury Trial Demand

Plaintiff, Carlos Gonzalez, demands a trial by jury on all issues trialable of right by a jury.

10

Respectfully Submitted,                                                    Dated: 2/18/21

Law Office of Joseph S. Shook, P.A.

By:_____

*Law Office of Joseph S. Shook, Esq.,* Attorney for Carlos Gonzalez

75 Valencia Ave., #4th Floor

Coral Gables FL, 33134

(305) 446-4177

shooklaw@bellsouth.net

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Sterling Jewelers Inc.</u>
 Plaintiff

Case # _____
Judge  _____

vs.
<u>Carlos Gonzalez</u>
 Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
　　☐ Business governance
　　☐ Business torts
　　☐ Environmental/Toxic tort
　　☐ Third party indemnification
　　☐ Construction defect
　　☐ Mass tort
　　☐ Negligent security
　　☐ Nursing home negligence
　　☐ Premises liability—commercial
　　☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　　☐ Commercial foreclosure
　　☐ Homestead residential foreclosure
　　☐ Non-homestead residential foreclosure
　　☐ Other real property actions

☐Professional malpractice
　　☐ Malpractice—business
　　☐ Malpractice—medical
　　☐ Malpractice—other professional
☐ Other
　　☐ Antitrust/Trade regulation
　　☐ Business transactions
　　☐ Constitutional challenge—statute or ordinance
　　☐ Constitutional challenge—proposed amendment
　　☐ Corporate trusts
　　☐ Discrimination—employment or other
　　☐ Insurance claims
　　☐ Intellectual property
　　☐ Libel/Slander
　　☐ Shareholder derivative action
　　☐ Securities litigation
　　☐ Trade secrets
　　☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Joseph S Shook            Fla. Bar # 780715
          Attorney or party                          (Bar # if attorney)

Joseph S Shook                 02/18/2021
(type or print name)              Date

# RETURN OF SERVICE

**State of Florida**　　　　　　　　**County of Miami-Dade**　　　　　　　　**Circuit Court**

Case Number: 2021-004033-CA-01

Plaintiff:
**CARLOS GONZALEZ,**

vs.

Defendant:
**STERLING JEWELERS, INC. A FLORIDA CORPORATION,**

For:
Joseph Shook
JOSEPH S. SHOOK, ESQ
75 Valencia Ave
4nd Floor
Coral Gables, FL 33134

Received by Caplan, Caplan & Caplan Process Servers on the 24th day of February, 2021 at 1:39 pm to be served on **STERLING JEWELERS, INC. BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Luzeneida Gonzalez, do hereby affirm that on the **25th day of February, 2021** at **11:00 am, I:**

served a **CORPORATION, REGISTERED AGENT** by delivering a true copy of the **SUMMONS, DEMAND FOR PRESERVATION OF EVIDENCE, COMPLAINT, NOTICE OF INTENT TO SERVE SUBPOENAS PURSUANT TO RULE 1.351, SUBPOENA FOR PRODUCTION OF DOCUMENTS PURSUANT TO F.R.C.P. 1.351, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, EXHIBITS, PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES** with the date and hour of service endorsed thereon by me, to: **CT CORPORATION SYSTEM** as **REGISTERED AGENT** at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324** on behalf of **STERLING JEWELERS, INC. BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM**, and informed said person of the contents therein, in compliance with Florida State Statute 48.091.

**Additional Information pertaining to this Service:**
BY SERVING DONNA MOCH AS EMPLOYEE OF THE REGISTERED AGENT

## RETURN OF SERVICE For 2021-004033-CA-01

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am a Sheriff Appointed Process Server in the county in which this defendant/witness was served and have no interest in the above action. Pursuant to FS 92.525(2) and 28 USC Section 1746, no notary is required.

_____
**Luzeneida González**
1089

**Caplan, Caplan & Caplan Process Servers**
**12555 Orange Drive**
**Suite 106**
**Davie, FL 33330**
**(305) 374-3426**

Our Job Serial Number: CPN-2021005642
Service Fee: _____

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

Filing # 121792697 E-Filed 02/22/2021 10:13:45 AM

## IN THE CIRCUIT COURT IN AND FOR MIAMI DADE COUNTY, FLORIDA

CARLOS GONZALEZ, an individual,

Plaintiff,

Vs.

STERLING JEWELERS, INC.

A Florida Corporation,

Defendant.

Case no: 2021-004033-CA-01

FBN: 0780715

FEB 2 4 2021

DATE 2.25.2N  TIME 11A

INITIAL  S  BADGE# 108

### SUMMONS

THE STATE OF FLORIDA:

TO ALL AND SINGULAR SHERIFFS OF SAID STATE: GREETINGS:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint and interrogatories, request to produce, demand letter of February 19, 2021 and Notice of Intent to Serve Subpoena on Twitter in the above-styled cause upon the Defendant:
**Sterling Jewelers, Inc.**
**Registered Agent, CT Corporation System**
**1200 S. Pine Island Road**
**Plantation FL, 33324**

Each Defendant is required to serve written defenses to the complaint or petition on

Joseph S. Shook, Esq., Attorney for Plaintiff
75 Valencia Ave.,
#4th Floor
Coral Gables FL, 33134
(305) 446-4177

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said defenses with the clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the complaint or petition.

WITNESS my hand and seal of said Court on ____2/23/2021____, 2021.

Clerk, County and Circuit Court

By _____
  As Deputy Clerk          (Court Seal)